798 A.2d 602

RAYMOND ARTHUR ABBOTT, A MINOR, BY HIS GUARDIAN AD LITEM, FRANCES ABBOTT; ARLENE FIGUEROA, FRANCES FIGUEROA, HECTOR FIGUEROA, ORLANDO FIGUEROA AND VIVIAN FIGUEROA, MINORS, BY THEIR GUARDIAN AD LITEM, BLANCA FIGUEROA; MICHAEL HADLEY, A MINOR, BY HIS GUARDIAN AD LITEM, LOLA MOORE; HENRY STEVENS, JR., A MINOR, BY HIS GUARDIAN AD LITEM, HENRY STEVENS, SR.; CAROLINE JAMES AND JERMAINE JAMES, MINORS, BY THEIR GUARDIAN AD LITEM, MATTIE JAMES; DORIAN WAITERS AND KHUDAYJA WAITERS, MINORS, BY THEIR GUARDIAN AD LITEM, LYNN WAITERS; CHRISTINA KNOWLES, DANIEL KNOWLES, AND GUY KNOWLES, JR., MINORS, BY THEIR GUARDIAN AD LITEM, GUY KNOWLES, SR.; LIANA DIAZ, A MINOR, BY HER GUARDIAN AD LITEM, LUCILA DIAZ; AISHA HARGROVE AND ZAKIA HARGROVE, MINORS, BY THEIR GUARDIAN AD LITEM, PATRICIA WATSON; AND LAMAR STEPHENS AND LESLIE STEPHENS, MINORS, BY THEIR GUARDIAN AD LITEM, EDDIE STEPHENS, PLAINTIFFS, v. FRED G. BURKE, COMMISSIONER OF EDUCATION; EDWARD G. HOFGESANG, NEW JERSEY DIRECTOR OF BUDGET AND ACCOUNTING; CLIFFORD A. GOLDMAN, NEW JERSEY STATE TREASURER; AND NEW JERSEY STATE BOARD OF EDUCATION, DEFENDANTS-MOVANTS, AND BOARD OF EDUCATION OF THE TOWNSHIP OF NEPTUNE, IN THE COUNTY OF MONMOUTH, BOARD OF EDUCATION OF THE CITY OF NEW BRUNSWICK, IN THE COUNTY OF MIDDLESEX, PASSAIC BOARD OF EDUCATION AND BOARD OF EDUCATION OF THE CITY OF CAMDEN, IN THE COUNTY OF CAMDEN, INTERVENORS-RESPONDENTS.

June 11, 2002.

The Supreme Court having considered the motion filed by the Attorney General on behalf of the Department of Education (DOE), with the consent of the Education Law Center (ELC), for a one-year relaxation of the remedies for K–12 programs for the 2002–2003 school year provided for in *Abbott v. Burke,* 149 *N.J.* 145, 693 *A.*2d 417 (1997) (*Abbott IV*), and *Abbott v. Burke,* 153 *N.J.* 480, 710 *A.*2d 450 (1998) (*Abbott V*);

And the Court having heard oral argument on June 4, 2002;

And the DOE, as set forth in its supporting certification and supplemental submissions to the Court, having represented that based on concerns about the implementation of the *Abbott IV* and *Abbott V* remedial measures, in combination with the State's current budget crisis, a one-year cessation of further growth in funding of certain of the *Abbott* remedial measures is necessary;

And the DOE having also represented that the current administration and the ELC, under the auspices of the Abbott Implementation and Compliance Coordinating Council and its workgroups, are committed to making significant revisions to the State's cur-

rent regulatory framework to assure full, effective, and timely implementation of the *Abbott IV* and *V* remedial measures;

And the DOE also having represented that "parity" funding for the Abbott districts will be maintained;

And the DOE having also represented that full-day kindergarten and half-day pre-school programs for three- and four-year olds also will be maintained and enhanced;

And the DOE having also represented that the State's facilities improvement program for Abbott districts is unaffected by this application;

And the DOE having requested the right to limit additional *Abbott v. Burke* state aid (supplemental funding) for 2002–2003 for each Abbott district to the expenditures contained in the 2001–2002 K–12 DOE-approved district budget, as increased by actual and documented 2001–2002 expenditures for the second half of kindergarten, as modified by DOE to take into account 2001–2002 actual expenditures and available revenues based on the district annual audits;

And the DOE having requested the Court's authorization to preclude any district appeals seeking funding at a level in excess of that limit;

And the DOE having requested the authority to suspend school-based budgets, school-based need requests and zero-based budgeting, and the Court having observed in *Abbott V*, 153 *N.J.* at 498, 710 *A.*2d 450, and see *Abbott V*, Appendix I, 153 *N.J.* at 557, 710 *A.*2d 450, that the proposals for school-based and zero-based budgeting originated with the Commissioner of Education and not the Court;

And the DOE having further requested the ability to preserve the "core elements" of whole school reform as well as certain enhancements of the Success–for–All (SFA) model of whole school reform "tied directly to improving curriculum and instruction under the [Core Curriculum Content Standards] CCCS," Letter of May 20, 2002 from Assistant Attorney General Douglas K. Wolf-

son (5/20 letter), but to afford districts flexibility to reduce, eliminate or limit growth of other whole school reform enhancements such as technology coordinators and security coordinators, see *Abbott V,* 153 *N.J.* at 497, 514, 710 *A.*2d 450, to authorize districts to eliminate positions and make staffing modifications in various programs such as technology programs, alternative schools, accountability programs, school-to-work and college transition, and to authorize districts to make educational judgments about retaining certain specified positions such as media/ technology coordinator, technology coordinator and drop-out prevention specialist, see letter, May 6, 2002 from Douglas K. Wolfson, Assistant Attorney General (5/6 letter);

And the Court, although acknowledging the State's fiscal crisis and the motivation underlying defendants' proposal to strictly limit 2002–2003 supplemental funding to 2001–2002 adjusted levels, and although accepting for 2002–2003 budgetary purposes the discretion of the Commissioner of Education preliminarily to set Abbott Districts supplemental funding at such levels but being unwilling to prejudge the merits of an Abbott district's need-based appeal seeking a higher level of supplemental funding;

And good cause appearing;

It is ORDERED that the DOE's request for authorization to preclude any district appeals seeking supplemental funding for 2002–2003 in excess of the funding, as adjusted, for fiscal year 2001–2002 be and the same hereby is denied subject to the DOE's authority presumptively and preliminarily to establish districts' supplemental funding for 2002–2003 at the level of expenditures contained in the 2001–2002 K–12 DOE approved district budget, as increased by actual and documented 2001–2002 expenditures for the second half of kindergarten, as modified by DOE to take into account 2001–2002 actual expenditures and available revenues based on the district annual audits;

It is FURTHER ORDERED that DOE's request for one year to afford districts flexibility to eliminate, reduce, or limit growth of certain whole school reform enhancements as specified, to elimi-

nate positions and make staffing modifications in various needs-based programs as specified, and to make educationally appropriate decisions about retention of certain positions as specified be and the same hereby is granted subject to the districts' right of appeal based on educational need related to impairment of the core elements of whole school reform and essential enhancements thereof;

And it is FURTHER ORDERED that the DOE is authorized to impose educationally-appropriate limits on the categories for which needs-based funding requests may be submitted;

And it is FURTHER ORDERED that the DOE may suspend for one year the regulatory requirement for middle schools and high schools to implement whole school reform models, may permit voluntary implementation of models in such schools, and may suspend for one year formal evaluation of whole school reform.

*For granting in part and denying in part*—Chief Justice PORITZ and Justices STEIN, LONG, LaVECCHIA, and ZAZZALI—5.

*For denial Justice Coleman*—1.

Justice COLEMAN dissents from the Order. Justice VERNIERO did not participate.

Justice COLEMAN agrees with the Neptune, New Brunswick and Passaic School Districts that there should be no stay of implementation of any portion of *Abbott IV* or *Abbott V* for the 2002–03 school year. The fact that the Education Law Center joins in the stay application does not translate this into virtually an unopposed application. The record does not inform the Court which, if any, of the remaining *Abbott* districts the Education Law Center represents in the current application. Nor does the record inform the Court why the other districts have not appeared in opposition to, or in support of, the State's application. The Court's holdings in *Abbott IV* and *Abbott V* were not based on

projected State income. Although he is not unmindful of the State's financial difficulties, a change in projected State income should not be a basis for reformation of implementation of this Court's prior constitutional mandates. Although the DOE is obligated to evaluate from time-to-time the effectiveness of the remedial measures provided in *Abbott IV* and *Abbott V,* he cannot join in the Court's Order giving the State the right to reduce funding for *Abbott* districts for the 2002–03 school year.