832 A.2d 906 (2003)
177 N.J. 596
Raymond Arthur ABBOTT, a minor, By his Guardian Ad Litem, Frances ABBOTT; Arlene Figueroa, Frances Figueroa, Hector Figueroa, Orlando Figueroa And Vivian Figueroa, minors, by their Guardian Ad Litem, Blanca Figueroa; Michael Hadley, a minor, by his Guardian Ad Litem, Lola Moore; Henry Stevens, Jr., a minor, by his Guardian Ad Litem, Henry Stevens, Sr.; Caroline James and Jermaine James, minors, by their Guardian Ad Litem, Mattie James; Dorian Waiters and Khudayja Waiters, minors, by their Guardian Ad Litem, Lynn Waiters; Christina Knowles, Daniel Knowles, and Guy Knowles, Jr., minors, by their Guardian Ad Litem, Guy Knowles, Sr.; Liana Diaz, a minor, by her Guardian Ad Litem, Lucila Diaz; Aisha Hargrove and Zakia Hargrove, minors, by their Guardian Ad Litem, Patricia Watson; and Lamar Stephens and Leslie Stephens, minors, by their Guardian Ad Litem, Eddie Stephens, Plaintiffs-Respondents,
v.
Fred G. BURKE, Commissioner of Education; Edward G. Hofgesang, New Jersey Director of Budget and Accounting; Clifford A. Goldman, New Jersey State Treasurer; and New Jersey State Board of Education, Defendants-Movants.
Supreme Court of New Jersey.
July 23, 2003.
The within matter having been initiated by the Attorney General on behalf of the Department of Education (DOE or Department) on motion for modification of the decision in Abbott v. Burke, 153 N.J. 480, 710 A.2d 450 (1998) (Abbott V);
And the Supreme Court having duly considered that motion (M-976-02);
And the Court also having considered the cross-motions filed by the Education Law Center (ELC) for an order setting forth an expedited schedule in respect of decisions on district budgets and requiring the DOE to conduct a formal evaluation of the implementation of Whole School Reform (WSR), and for counsel fees (M-996/997-02);
And the Court having ordered on April 29, 2003, that the ELC and the DOE participate in mediation for the purpose of resolving the issues raised by the parties in the DOE's motion and cross-motions made by ELC;
And the parties having previously reached agreement on an expedited budget process and appeals therefrom, as approved by the Court and set forth in this Court's Order filed May 21, 2003;
And the Court having granted the Attorney General's motion for modification of that Order (M-1470-02) as set forth in this Court's Order of July 7, 2003;
And the parties having reached agreement in mediation on all issues except the DOE's application during this year of fiscal constraints to extend by one additional year the one-year relaxation of remedies previously granted in Abbott v. Burke, 172 N.J. 294, 798 A.2d 602 (2002) (Abbott IX);
And the Court having approved the terms of the mediated agreement by Order dated June 24, 2003;
And the Court having set down for argument on July 10, 2003, the sole remaining issue in dispute;
*907 And the Court having advised the parties to "be prepared at that time to address the implications of the grant or denial of a continued relaxation of remedies and the standards to be applied during the budget review process";
And the Court having heard the parties in respect of the grant or denial of the requested relaxation and the standards to be applied during the 2003-2004 budget review process;
And the ELC having opposed such a relaxation period;
And the ELC having sought preliminary maintenance budget figures and an estimate of supplemental funds needed to support that budget from the DOE forthwith;
And the DOE having sought authority to evaluate Abbott programs during the proposed relaxation period to determine whether those programs are effective and efficient;
And the Court having recognized that the DOE has the responsibility to implement "firm administrative controls accompany[ing]... increased funding [to Abbott districts] to ensure the money was spent effectively and efficiently," Abbott V, supra, 153 N.J. at 492, 710 A.2d at 456;
And good cause appearing;
It is ORDERED that:
1. The DOE's application to extend the relaxation of remedies granted in Abbott V is granted as follows: The DOE shall have the authority to treat the 2003-2004 school fiscal year as a maintenance year for purposes of calculating Additional Abbott Burke State Aid for the Abbott districts. During 2003-2004, K-12 programs provided for in the 2002-2003 school year will be continued, subject to conditions set forth in this Order.
2. The Statewide aggregate amount of Additional Abbott Burke State Aid shall be presumptively calculated as the total amount of Additional Abbott Burke State Aid approved for the Abbott districts for Fiscal Year 2002-2003, subject to adjustment as required for a maintenance budget. A maintenance budget shall mean that a district will be funded at a level such that the district can implement current approved programs, services, and positions and therefore includes documented increases in non-discretionary expenditures. Examples of non-discretionary expenditures are increases in contracted salaries, health benefits, and special education tuition. Maintenance does not include the restoration of programs, positions, or services that were reduced in 2002-2003, or new programs, positions, or services, except in respect of Paragraph 2c. of the Court's Order of June 24, 2003 (pertaining to those elementary schools without a whole school reform developer in place in 2002-2003 and permitting whole school reform contracts in certain circumstances), irrespective of the timing for the promulgation of regulations governing that provision.
3. For purposes of calculating Additional Abbott Burke State Aid and in furtherance of its pre-existing duty to implement administrative controls, the DOE shall promulgate an emergency regulation establishing the standard for evaluating the effectiveness and efficiency of the districts' non-instructional programs. (Non-instructional programs are defined as office/administrative expenditures and programs, positions, services and/or expenditures that are not school based or directly serving *908 students.) Insofar as any Abbott district has not been informed of its total amount of last year's approved Additional Abbott Burke State Aid, the DOE shall provide written notice of that amount within two weeks of the date of this Order. The DOE's application of the effective and efficient standard in its review of a district's maintenance school budget may result in a reduction to a district's presumptive amount of Additional Abbott Burke State Aid.
Within 30 days of the issuance of this Order, the DOE shall provide in a Notice to each district preliminary maintenance budget figures for the 2003-2004 school year consisting of the 2002-2003 approved budget and an estimate of the supplemental funding that will be needed to support that currently approved budget. If the DOE deletes an expenditure from a district's 2002-2003 budget related to the district's non-instructional programs and based on the effective and efficient standard, the DOE must include in the written notice to the district the expenditure deleted along with a specific statement explaining why the program or part thereof is no longer effective and efficient.
Abbott districts may appeal any reductions to their maintenance budgets by the DOE's application of the effective and efficient standard, which appeals shall be heard by the Office of Administrative Law. In those appeals, the DOE shall bear the burden of moving forward to establish the basis for any proposed reductions to the district's maintenance budget based on the effective and efficient standard set forth in the DOE's emergency regulations. If that initial burden is met, the district shall bear the burden of demonstrating that any budgetary reductions are not justified under that standard.
6. The Order of the Court dated July 7, 2003, modifying the Court's scheduling Order of May 20, 2003 in order to provide the Office of Administrative Law thirty days within which to determine and issue initial decisions in the twenty-three pending budget appeals, is hereby superseded by this Order. The Office of Administrative Law shall issue initial decisions on district appeals from the DOE's preliminary maintenance budget figures for the 2003-2004 school year within 30 days of the dates of those decisions as set forth in Paragraph 4 of this Order.
7. To the extent that monies are deleted by the DOE in the districts' non-instructional programs based on the effective and efficient standard, those monies shall be made available to the districts as follows: an Abbott district may apply for and the State may award such aid for demonstrably needed programs or services. The allocation of such available funds shall not be viewed as inconsistent with this Court's approval of use of a maintenance budget for Fiscal Year 2003-2004.
LONG, J., dissenting from the Order, would grant no further extension of the June 11, 2002, stay of implementation of Abbott IV or Abbott V. She joined in that Order solely because it was based on an application by both parties who expressed a commitment to cooperative resolution of the long-simmering Abbott dispute. Through the mediated Order of June 24, 2003, the parties have exhausted their common ground. There is therefore no further reason for delay. Although the
*909 State is facing financial difficulties, as are other states and the federal government, our constitutional mandates regarding the education of all of our children cannot be diluted in reliance thereon.
ConcurringChief Justice PORITZ and Justices LaVECCHIA, ALBIN, and WALLACE4.
DissentingJustice LONG1.