849 A.2d 158

ASBURY PARK BOARD OF EDUCATION, KEANSBURG BOARD OF EDUCATION, PASSAIC BOARD OF EDUCATION, PHILLIPS-BURG BOARD OF EDUCATION, AND TRENTON BOARD OF EDUCATION, PLAINTIFFS–MOVANTS, v. NEW JERSEY DE-PARTMENT OF EDUCATION, DEFENDANT–RESPONDENT.

March 18, 2004.

ORDER

The within matter having been initiated by the Boards of Education of Asbury Park, Keansburg, Passaic, Phillipsburg, and Trenton (Boards) on an application for emergent relief in respect of the Boards' appeal from the Supplemental Opinion of the Appellate Division, *Asbury Park Bd. of Educ. v. N.J. Dept. of Educ.*, 369 *N.J.Super.* 500, 849 *A.*2d 1086 (Decided February 27, 2004);

And the Appellate Division having considered whether this Court's Order filed July 23, 2003, *Abbott v. Burke*, 177 *N.J.* 596, 832 *A.*2d 906 (2003) (*Abbott* XI), permitted the Department of

Education (DOE) to establish Additional Abbott v. Burke State Aid for the Abbott districts by setting final maintenance budget figures for 2003–2004 based on actual 2002–2003 expenditures by the districts rather than the districts' 2002–2003 approved budgets, *Asbury Park Bd. of Educ., supra;*

And the Appellate Division having determined that *N.J.A.C.* 6A:10–1.2 and *N.J.A.C.* 6A:10–3.1(c), which together define a maintenance budget for 2003–2004 as a budget limited to "2002–2003 approved and provided programs, services, and positions," are "facially valid" such that the determination of final maintenance budget figures may be based on actual 2002–2003 expenditures by the districts, *id.* at 509–10, 849 *A.2d* at 1091;

And Judge Coburn, in dissent, having concluded that this Court's Order required the DOE to accept the 2002–2003 approved budgets for 2003–2004, "as increased for non-discretionary items, and as reduced for such inefficiencies as it could identify[,]" *id.* at 515, 849 *A.2d* at 1095 (Coburn, J.A.D., dissenting);

And the Boards having moved for summary reversal on their appeal as of right based on Judge Coburn's dissent, *R.* 2:2–1(a)(2);

And the Court having reviewed the record and having considered the briefs and oral argument of the parties and *amicus curiae* Education Law Center (ELC);

And the Court having considered the within matter in light of the specific proposal submitted by the DOE during mediation on the DOE's motion for modification of the decision in *Abbott v. Burke,* 153 *N.J.* 480, 710 *A.2d* 450 (1998) (*Abbott* V) to extend by an additional year the one-year relaxation of remedies previously granted in *Abbott v. Burke,* 172 *N.J.* 294, 798 *A.2d* 602 (2002) (*Abbott* IX);

And that proposal having set forth language delineating the relief sought as:

Abbott districts that apply for supplemental aid shall be awarded the amount of supplemental funding needed to maintain the effective and efficient programs, services and positions *approved* as part of the district's 2002–2003 budget either in the initial budget review process for 2002–2003 or as a result of a district appeal.

1. Maintenance means that a district will be funded at a level that will enable it to continue implementing the current *approved* programs, services and positions and therefore includes actual documented increases in non-discretionary expenditures.

[Emphasis added.]

And the Court having accepted by its Order filed May 21, 2003 a timetable proposed by the ELC and the DOE for an expedited budget process to be followed in non-maintenance budget years;

And the Court having taken judicial notice that as of April 1, 2004 only three months remain in the 2003–2004 budget year;

And good cause appearing;

It is ORDERED that the Boards' motion for summary disposition is granted, and the judgment of the Appellate Division is affirmed in part and reversed in part. The Court approves the dissent below insofar as it concludes that our Order of July 23, 2003 intended an expeditious process for budget approval by which the preliminary budget figures based on the 2002–2003 approved budget, adjusted by non-discretionary increases in expenditures and by any reductions for inefficiencies, would issue by the end of August 2003, and that any subsequent final budget issued by the DOE based on 2002–2003 actual expenditures violates the DOE's mediation proposal as well as the language and the spirit of the Court's Order; and it is further

ORDERED that

1. The DOE shall calculate for each Abbott district the difference between the preliminary adjusted budget figures and the invalid adjusted final budget figures issued by the DOE, including any necessary further adjustments on the completion of the appellate process; and

2. Because only three months remain in the 2003–2004 budget year, the DOE shall reserve twenty-five percent of the amount calculated in accordance with Paragraph 1 to be available to each Abbott district as Additional Abbott v. Burke State Aid pursuant to this Court's Order of July 23, 2003, *Abbott* XI, *supra*; and it is further

ORDERED that the DOE shall forthwith provide Additional Abbott v. Burke State Aid under this Order to any Abbott district, provided only that the district submits a request to the DOE for funding no later than May 1, 2004, such request to include a certified statement that the programs, services or positions for which the funding is requested was in the approved budget for 2002–2003, and that the funding will be used for the programs, services or positions so identified; and it is further

ORDERED that consistent with the representations of counsel for the DOE at oral argument that the DOE intends to construe *N.J.A.C.* 6A:10–3.1(g) liberally, the Abbott districts may seek additional supplemental funding in accordance with that regulation "to implement ... Department-approved programs, services and other expenditures due to unanticipated expenditures or unforeseen circumstances" in addition to any Additional Abbott v. Burke State Aid provided under this Order; and it is further

ORDERED that the expedited annual budget schedule set forth in the Court's Order filed May 21, 2003 shall remain in effect until further Order of the Court.

Chief Justice PORITZ and Justices LaVECCHIA, ALBIN, and WALLACE, and Judge PRESSLER (temporarily assigned), join in the Court's Order.